UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. NATIONAL BANK ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES SHAWVER, TRINIDAD SHAWVER,<br><br>　　　　Defendants. | No.  2:14-cv-1032-KJM-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

On April 28, 2014, defendants, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for the County of San Joaquin.[1]  ECF No. 1.  This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the

---

[1]  Also on April 28, 2014, defendants filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  ECF No. 2.  However, in light of the recommendation herein that this action be remanded for lack of subject matter jurisdiction, defendants' request to proceed *in forma pauperis* will not be addressed.

1

1   first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  As explained below,
2   defendants have failed to meet that burden.

3         The civil cover sheet submitted with defendants' notice of removal states that this court
4   has federal question jurisdiction over this action.  ECF. No. 1 at 1-1.  However, a review of the
5   complaint reveals that plaintiff does not allege any federal claims; instead, plaintiff alleges only
6   unlawful detainer under state law.  ECF No. 1 at 4-6 (Compl.).  The presence or absence of
7   federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides
8   that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's
9   properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  This is the
10  case where the complaint "establishes either that [1] federal law creates the cause of action or that
11  [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of
12  federal law."  *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold &*
13  *Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers*
14  *Vacation Trust*, 463 U.S. 1, 27-28 (1983)).  Here, plaintiff's one cause of action is for unlawful
15  detainer under state law, and under the well-pleaded complaint rule, a defendant's claims or
16  defenses may not serve as a basis for removal.[2]  *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d
17  815, 822 (9th Cir. 1985).

18        Defendants argue that this court has federal question jurisdiction because plaintiff is a
19  "Debt Collector" as that term is used under the Fair Debt Collection Practices Act ("FDCPA").
20  ECF No. 1 at 2.  Plaintiff, however, does not assert a claim under the FDCPA.  Furthermore, to
21  the extent defendants intend to assert a counterclaim under the FDCPA, such a counterclaim
22  cannot serve as a basis for establishing subject matter jurisdiction.  *Vaden v. Discover Bank*, 556
23  U.S. 49, 60 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated
24  counterclaim").

---

[2] Nor have defendants established that this court has diversity jurisdiction, since the notice of removal does not establish diversity of the parties or that the amount in controversy exceeds $75,000.  *See also Fed. Home Loan Mortg. Corp. v. Cantillano*, 2012 WL 1193613, at *2 (C.D. Cal. Apr. 9, 2012) ("The appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole.").

2

Therefore, because defendants have not adequately established a basis for this court's subject matter jurisdiction, the case must be remanded. *See* 28 U.S.C. § 1447(c).

Accordingly, it is hereby RECOMMENDED that the above-captioned case be REMANDED to the Superior Court of the State of California in and for the County of San Joaquin.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 8, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE